# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DERIEL HERNANDEZ,         :
       Plaintiff        :     CIVIL ACTION NO. 3:14-CV-2317
                       :     (Judge Nealon)
      v.              :
                       :
MARK KIAK,[1] ET AL.,     :
       Defendants    :

## MEMORANDUM

On December 5, 2014, Plaintiff, Deriel Hernandez, an inmate currently confined at the State Correctional Institution, Waymart, Pennsylvania ("SCI-Waymart"), instituted the above-captioned action by filing a pro se complaint pursuant to 42 U.S.C. § 1983.  See (Doc. 1).  He names the following as Defendants: Mark Kijek; Samual Granteed; Michael Vecchio; Luzerne County Adult Probation and Parole (collectively "Probation Defendants"); Luzerne County District Attorney Stephanie Salavantis; Pennsylvania State Police ("PSP"); Luzerne County Council ("LCC"); and Tim McGinley.  (Id.).  On February 10, 2015, Defendants filed separate motions to dismiss the complaint pursuant to

---

[1] "Defendant Mark Kijek was incorrectly spelled as 'Kiak' in Plaintiff's Complaint."  (Doc. 27, p. 1 n.1).  By separate Order, the Court will direct the Clerk of Court to amend the docket sheet to accurately reflect the correct spelling of this party's name.

Federal Rule of Civil Procedure 12(b)(6).  (Docs. 21-24).[2]  On February 24, 2015,

Defendants filed separate briefs in support of their motions.  (Docs. 25-28).  On

April 17, 2015, Plaintiff filed his brief in opposition.  (Doc. 45).  None of the

Defendants has filed a reply brief, and the deadline for such a filing has passed.

See M.D. Pa. L.R. 7.7.  As a result, Defendants' motions to dismiss are ripe for

disposition.  For the reasons set forth below, Defendants' motions will be granted.

## I.     STANDARD OF REVIEW

### A.     Federal Rule of Civil Procedure 12(b)(1)

"A Rule 12(b)(1) motion is the proper mechanism for raising the issue of

whether Eleventh Amendment immunity bars federal jurisdiction."  Overly v.

Woodside, 2015 U.S. Dist. LEXIS 16046, at *3 (M.D. Pa. Feb. 10, 2015) (Kosik,

J.) (citing Blanciak v. Allegheny Ludium Corp., 77 F.3d 690, 694 n.2 (3d Cir.

1996)).  "When considering a motion to dismiss under Rule 12(b)(1), a court must

distinguish between facial and factual challenges to its subject matter

jurisdiction."  Larsen v. State Emps. Retirement Sys., 553 F. Supp. 2d 403, 407

(M.D. Pa. 2008) (Jones, J.) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549

---

[2]  This Court notes that Defendant PSP initially characterized its motion as
being filed pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 21).
However, in its brief in support of its motion, Defendant PSP now characterizes its
motion to dismiss as being filed under Federal Rule of Civil Procedure 12(b)(1),
for lack of subject matter jurisdiction.  (Doc. 25, p. 1 n.1).

F.2d 884, 891 (3d Cir. 1977)). "A facial attack challenges whether the plaintiff has properly pled jurisdiction." Larsen, 553 F. Supp. 2d at 407 (citing Mortensen, 549 F.2d at 891). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) (citing Mortensen, 549 F.2d at 891).

Here, Defendant PSP does not rely on any facts beyond the pleadings in support of its jurisdictional argument, and thus, it raises a facial challenge to this Court's subject matter jurisdiction. See (Doc. 25). "Moreover, when, as here, defendants move to dismiss a complaint under Rule 12(b)(1) for failure to allege subject matter jurisdiction we treat the allegations of the complaint as true and afford the plaintiff the favorable inferences to be drawn from the complaint. [footnote omitted]" NE Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 (3d Cir. 2001) (citing Mortensen, 549 F.2d at 891; FED. R. CIV. P. 8(f)).

## B.  Federal Rule of Civil Procedure 12(b)(6)

"The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion." Kapish v. Advanced Code Group, 2015 U.S. Dist. LEXIS 115940, at *5-6 (M.D. Pa. Sept. 1, 2015) (Munley, J.). "In considering a motion to dismiss pursuant to Rule 12(b)(6), courts 'accept all

factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Roth v. Cabot Oil & Gas Corp., 919 F. Supp. 2d 476, 481 (M.D. Pa. 2013) (Jones, J.) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). However, "the tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted). "In ruling on such a motion, the Court primarily considers the allegations of the pleading, but not required to consider legal conclusions alleged in the complaint." Bryan v. Kings Express, Inc., 2015 U.S. Dist. LEXIS 97179, at *2-3 (M.D. Pa. July 27, 2015) (Brann, J.) (citing Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "At the motion to dismiss stage, the Court considers whether Plaintiff is entitled to offer evidence to support the allegations in the complaint." Bryan, 2015 U.S. Dist. LEXIS 97179, at *3 (citing Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000)).

"In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact

pleading." <u>Hellman v. Kercher</u>, 2008 U.S. Dist. LEXIS 54882, at *4 (W.D. Pa. 2008). Rule 8(a)(2) "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). "However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it." <u>Bryan</u>, 2015 U.S. Dist. LEXIS 97179, at *4 (citing <u>Hellman</u>, 2008 U.S. Dist. LEXIS 54882). "Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).

Generally, in resolving a Rule 12(b)(6) motion to dismiss, a court should consider only the allegations in the complaint, as well as "documents that are attached or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." <u>Buck v. Hampton Twp. Sch. Dist.</u>, 452 F.3d 256, 260 (3d Cir. 2006). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,

5

the complaint has alleged–but it has not 'shown'–'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

"The failure-to-state-a-claim standard of Rule 12(b)(6) 'streamlines litigation by dispensing with needless discovery and factfinding.'" Bryan, 2015 U.S. Dist. LEXIS 97179, at *4 (quoting Neitzke v. Williams, 490 U.S. 319, 326-27 (1989)). "If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed 'without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.'" Id.

### C.   Pro se Complaint

"A document filed pro se is 'to be liberally construed,' . . ., and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers' . . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations omitted). "Pro se litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile." Johnson v. Kane, 2014 U.S. Dist. LEXIS 108519, at *4 (M.D. Pa. Aug. 18, 2015) (Caldwell, J.) (citing Phillips, 515 F.3d at 245-46). "However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is

properly dismissed without leave to amend." Johnson, 2014 U.S. Dist. LEXIS

108519, at *4 (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir.

2002)).

## II.  STATEMENT OF FACTS

Plaintiff was charged with indecent assault-without consent of other

pursuant to 18 Pa.C.S. § 3126(a)(1), indecent assault-person unconscious pursuant

to 18 Pa.C.S. § 3126(a)(4), and corruption of minors pursuant to 18 Pa.C.S. §

6301(a)(1).  Commonwealth v. Hernandez, CP-40-CR-169-2006 (Luzerne Cnty.

Mar. 3, 2006).[3]  While Plaintiff's indecent assault charge filed under 18 Pa.C.S. §

3126(a)(4) was eventually dismissed, the remaining charges were held over for

court.  Id.  On June 13, 2006, Plaintiff entered into a plea agreement in which he

pled guilty to those remaining charges.  Id.; see (Doc. 27, p. 3).  On March 1,

2010, Plaintiff was sentenced to twelve (12) months to two (2) years on the charge

of indecent assault and four (4) to eight (8) months on the charge of corruption of

minors.  Commonwealth v. Hernandez, CP-40-CR-169-2006; see (Doc. 27, pp. 4,

[3] A court may take judicial notice of the contents of another court's docket.
See Orabi v. Att'y Gen. of the United States, 738 F.3d 535, 537 n.1 (3d Cir. 2014)
(citing Mar. Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1200 n.3 (3d Cir.
1991); Porter v. Ollison, 620 F.3d 952, 954-55 (9th Cir. 2010); Singh v. U.S.
Dep't of Homeland Sec., 526 F.3d 72, 80 n.9 (2d Cir. 2008)).

17).[4]

On March 25, 2014, a criminal information was filed against Plaintiff in Lackawanna County, Pennsylvania. Commonwealth v. Hernandez, CP-35-CR-0400-2014 (Lackawanna Cnty. Mar. 25, 2014). On July 23, 2014, an amended information was filed. Id. Plaintiff was charged with two (2) counts of failing to provide accurate registration information under 18 Pa.C.S. § 4915.1(A)(3) and one (1) count of unsworn falsification to authorities under 18 Pa.C.S. § 4904(A)(1). Id. On August 7, 2014, the Commonwealth of Pennsylvania filed a notice of nolle prosequi and a motion for nolle prosequi. Id. On that same date, the Court of

---

[4] The Probation Defendants attached a document entitled "Plea Agreement" to their motion to dismiss, which purports to be documentation of the plea agreement at issue. (Doc. 27, p. 17). However, "[t]aking judicial notice of the truth of the contents of a filing from a related action could reach, and perhaps breach, the boundaries of proper judicial notice." Werner v. Werner, 267 F.3d 288, 295 (3d Cir. 2001) (citing FED. R. EVID. 201(b); In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 398 (3d Cir. 2000); Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991); 1 WEINSTEIN'S FED. EVID. § 201.12[1] (2nd Ed. 2001)). Furthermore, "[t]aking judicial notice of the existence of other proceedings does not convert a motion to dismiss into a motion for summary judgment as long as the court does not take judicial notice of those proceedings to find facts." In re Able Labs. Sec. Litig., 2008 U.S. Dist. LEXIS 23538, at *62 n.21 (D.N.J. 2008) (citing S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999); Global Network Comm. Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006)). Thus, this Court may take judicial notice of the fact that Plaintiff entered a guilty plea in Commonwealth v. Hernandez, CP-40-CR-169-2006, but will not make findings of fact based on the proceedings or rely on the proceedings for the truth of the facts therein. Id.

Common Pleas for Lackawanna County nolle prossed all three (3) charges filed against Plaintiff.  <u>Commonwealth v. Hernandez</u>, CP-35-CR-0400-2014.

On December 5, 2014, Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983.  (Doc. 1).  Accepting as true all the factual allegations contained in his complaint, Plaintiff alleges the following:  Plaintiff entered into a plea agreement with the Luzerne County District Attorney's Office.  (<u>Id.</u> at p. 3).  During September 2013, Defendants Granteed and Luzerne County District Attorney's Office misused "legal procedures" against Plaintiff.  (<u>Id.</u>).  On January 24, 2013, Defendant Kijek registered Plaintiff as a sex offender at the Lackawanna County Probation Office in Scranton, Pennsylvania.  (<u>Id.</u> at p. 2).  Defendant Luzerne County Adult Probation and Parole has allowed "this conduct of their officers."  (<u>Id.</u> at p. 3).  Defendant PSP is currently displaying Plaintiff's name and image on its Megan's Law website.  (<u>Id.</u>).  Defendant LCC "and members of the council for Luzerne County are responsible for the conduct of the District Attorney's Office and oversee all municipalities of Luzerne County, PA."  (<u>Id.</u>).  For relief, Plaintiff seeks compensatory and punitive damages, as well as injunctive and declaratory relief.  (<u>Id.</u> at p. 4).

## III.  <u>DISCUSSION</u>

"To state a viable § 1983 claim, a plaintiff must plead two essential

elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." Johnson, 2015 U.S. Dist. LEXIS 108519, at *5-6 (citing Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003)). "Personal involvement in the alleged wrongdoing is necessary for the imposition of liability in a civil rights action." Id. at *6 (citing Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005); Sutton v. Rasheed, 323 F.3d 236, 249-50 (3d Cir. 2003)).

Here, Plaintiff is alleging that his right to due process was violated when he was registered as a sex offender. (Doc. 1, p. 2). Further, Plaintiff claims that his registration as a sex offender "violated an agreement between [Plaintiff] and Luzerne County District Attorney's Office." (Id. at p. 3).

A.    **Probation Defendants**

The Probation Defendants assert that:

> [t]he only actual fact in the Complaint to which [Plaintiff] has pointed in alleging liability against the Probation Defendants is his claim that Defendant Kijek registered [Plaintiff] as a sex offender which led to the publication of his photograph on a State Police Website.

(Doc. 27, p. 11). According to these Defendants, "[t]he registration about which [Plaintiff] complains is mandated by Pennsylvania law." (Id.). Further, the

Probation Defendants argue that compared to the circumstances in <u>Giove v.</u>

<u>Holden</u>,[5] "[t]he instant case represents an even more favorable factual predicate to

defendants as [Plaintiff] has failed to allege any error on defendants' part." (Doc.

27, p. 13). The Probation Defendants contend that "cases as patently meritless as

this one should be dismissed at the earliest possible juncture." (<u>Id.</u>). Thus, "the

Probation Defendants move for the dismissal of the Complaint." (<u>Id.</u>).

In response, Plaintiff claims that his registration on the "Megan's Law

website" violated his right to due process. (Doc. 45, p. 2). Specifically, Plaintiff

argues that he "was not afforded a fair hearing by the trial court of Luzerne

County, per him having a negotiated plea agreement with said trial court." (<u>Id.</u>).

Plaintiff argues that his claim is focused on him "being compelled to register

without appropriate procedural due process." (<u>Id.</u>) (citing <u>Pa. v. Miller</u>, 80 A.3d

806 (Pa. Super. Ct. 2013)). According to Plaintiff, "[p]rocedural due process . . .

provides the minimum requirements of notice and a hearing guaranteed by Due

Process Clause of the" Fifth and Fourteenth Amendments to the United States

Constitution, "especially if the deprivation of a significant life, liberty, or property

interest may occur." (<u>Id.</u>). Plaintiff continues by asserting that he:

> agreed, that if the Commonwealth dropped 18 Pa.C.S. §

---

[5]  2014 U.S. Dist. LEXIS 30269 (D. Del. 2014) (Fallon, M.J.).

3126(A)(4), which is graded as an (M1), Plaintiff would accept
the terms of the plea bargain, which implied he would no
longer be required to register because 18 Pa.C.S. § 3126(A)(1)
did not carry any registration at all nor did the corruption of
minors 18 Pa.C.S. § 6301(A)(1).

(Doc. 45, p. 2). Moreover, Plaintiff argues that "if Commonwealth intended for

Plaintiff to register as a sex offender on the PSP website they would not have

dropped the single charge that would have made it so." (Id.).[6] Additionally,

Plaintiff contends that after "further examination of the exhibits provided by

Defendants, the Court will see Defendant had a direct role in the instruction of this

violation as the Chief Probation Officer." (Id.). Plaintiff continues by claiming

that "[t]he violation of Plaintiff's plea bargain left Plaintiff free of his obligation to

a specific performance of the before mentioned plea bargain." (Id.). Plaintiff also

claims that "[t]he wrongful prosecution in the trial court was a misuse of

procedures given the fact that Plaintiff was no longer required to comply with

probation." (Id.). "Therefore," Plaintiff concludes, he "was wrongfully

prosecuted for violations of his probation by Defendant Granteed." (Id.).

    To the extent that Plaintiff attempts to assert a due process claim against the

_____

    [6] In support, Plaintiff cites to "Commonwealth v. Hainsworth." (Doc. 45, p.
2). However, Plaintiff failed to provide a citation to this case. This Court was
able to locate Commonwealth v. Hainesworth, 82 A.3d 444 (Pa. Super. 2013),
through its own legal research.

Probation Defendants, his claim will be dismissed.  Plaintiff attempts to argue that his complaint has sufficient factual allegations to survive the Probation Defendants' motion to dismiss.  See (Doc. 45, p. 2).  However, Plaintiff merely alleges in his complaint that Defendant Kijak registered him as a sex offender on January 23, 2013.  (Doc. 1, p. 2).  As to Defendant Granteed, Plaintiff solely alleges that Granteed and Defendant Luzerne County District Attorney's Office "violated [Plaintiff's] rights via misuse of legal procedures."  (Id. at p. 3).  In regards to Defendant Luzerne County Adult Probation and Parole, Plaintiff only alleges that it "has [allowed] this conduct of their officers."  (Id.).

In Connecticut Department of Public Safety v. Doe, 538 U.S. 1 (2003), "the Supreme Court concluded that, assuming that a liberty interest is implicated, due process does not mandate the opportunity to prove a fact that is not relevant to a sexual offender registration statute."  Riley v. Corbett, 2015 U.S. App. LEXIS 13192, at *6-7 (3d Cir. July 29, 2015) (per curiam) (citing Conn. Dep't of Pub. Safety, 538 U.S. at 4).  Accordingly, "[p]laintiffs who assert a right to a hearing under the Due Process Clause must show that the facts they seek to establish in that hearing are relevant under the statutory scheme."  Conn. Dep't of Pub. Safety, 538 U.S. at 8.

Although not alleged in his complaint, this Court notes that Plaintiff has

since asserted that he was erroneously identified as a sex offender under Pennsylvania's Sex Offender Registration and Notification Act, 42 Pa.C.S. § 9799.10 et seq. ("SORNA"). See (Doc. 30, pp. 4-5, 9); (Doc. 31, pp. 7-8); (Doc. 45, p. 2). Therefore, a potentially relevant fact here is whether Plaintiff was convicted of a crime that required his registration as a sex offender. However, no such allegation can be found in his complaint. See (Doc. 1). Specifically, Plaintiff does not even allege in his complaint that the Probation Defendants erred when they registered him as a sex offender. See (Id.); (Doc. 27, p. 13). Therefore, at this juncture of the proceedings, Plaintiff's claims against the Probation Defendants will be dismissed.[7]

### B.   Defendant Luzerne County District Attorney Salavantis

Defendant Salavantis argues that Plaintiff "has failed to provide a single salient allegation that would warrant this case going forward against DA Salavantis." (Doc. 26, p. 6). According to Defendant Salavantis, "other than

---

[7] To the extent that Plaintiff is attempting to plead a due process stigma plus claim, it will be dismissed. "[T]o make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest." Hill v. Borough of Kutztown, 455 F.3d 225, 236 (3d Cir. 2006) (emphasis in original) (citing Paul v. Davis, 424 U.S. 693, 701 (1976)). Plaintiff has not alleged a stigma to his reputation plus deprivation of some additional right or interest. See (Doc. 1). As a result, to the extent that he is attempting to plead a due process stigma plus claim, he has failed to state a claim upon which relief can be granted.

alleging that an agreement existed between [Plaintiff] and the Luzerne County

District Attorney's Office with respect to being registered as a sex offender,

Plaintiff has not specifically identified the terms of the agreement, who the actual

parties to the agreement are or that DA Salavantis, in a supervisory role,

authorized either the agreement or the alleged violation of it."  (Doc. 26, pp. 6-7).

Defendant Salavantis contends that:

> unless the Plaintiff can specifically indicate that DA Salavantis
> had personal involvement in the registration of Plaintiff as a
> sex offender, the mere fact that she is responsible for the
> supervision and oversight of the Assistant District Attorneys
> working under he in the DA's Office, is not enough to hold her
> liable for any alleged constitutional violation.

(Id. at p. 7).  As a result, Defendant Salavantis argues that the complaint "is plainly

inadequate to stake a claim against agency supervisors and compels dismissal of

these defendants."  (Id. at p. 9).

Plaintiff claims that Defendant Salavantis "has an obligation to over see the

lawful prosecution and fulfillment of each plea agreement in her jurisdiction."

(Doc. 45, p. 3).  Plaintiff contends that his "plea agreement was signed by the

previous district attorney, leaving [Defendant Salavantis] responsible for its

fulfillment."  (Id.).  According to Plaintiff, his plea agreement was breached

because of "a lack of performance" by Defendant Salavantis.  (Id.).  Furthermore,

Plaintiff contends that Defendant Salavantis "is directly involved and failed to execute a proper hearing to ensure no violation of the plea would occur." (Doc. 45, p. 3). According to Plaintiff, "all Defendants acted at the last minute, and should not be excused by this Court for the violation of clearly established rights, showing deliberate indifference to the right of Plaintiff." (Id.).

As noted above, "[a] plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." Regassa v. Brininger, 2015 U.S. Dist. LEXIS 118203, at *9 (M.D. Pa. Sept. 4, 2015) (Brann, J.) (citing Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990)). However, such claims "cannot be premised on a theory of respondeat superior." Id. (citing Rode, 845 F.2d at 1207). The United States Court of Appeals for the Third Circuit has said that:

> [a] defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.  As the Supreme Court of the United States has observed:

> Government officials may not be held liable for the
> unconstitutional conduct of their subordinates under a theory of
> respondeat superior . . . . See Monell v. N.Y.C. Dep't of Social
> Servs., 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L.Ed.2d 611
> (1978) (finding no vicarious liability for a municipal "person"
> under 42 U.S.C. § 1983); see also Dunlop v. Munroe, 7 Cranch
> 242, 269, 3 L.Ed. 329 (1812) (a federal official's liability "will
> only result from his own neglect in not properly superintending
> the discharge" of his subordinates' duties); Robertson v. Sichel,
> 127 U.S. 507, 515-16, 8 S. Ct. 1286, 3 L.Ed. 203 (1888) ("A
> public officer or agent is not responsible for the misfeasances
> or position wrongs, or for the nonfeasances, or negligences, or
> omissions of duty, of the subagents or servants or other persons
> properly employed by or under him, in the discharge of his
> official duties").  Because vicarious liability is inapplicable to
> Bivens and § 1983 suits, a plaintiff must plead that each
> Government-official defendant, through the official's own
> individual actions, has violated the Constitution.

Iqbal, 556 U.S. at 675.

Plaintiff contends that Defendant Salavantis should have afforded him

procedural due process protections before he was registered as a sex offender.  See

(Doc. 1, p. 3).  Specifically, Plaintiff's only allegation regarding Defendant

Salavantis is that his "registration also violated an agreement between [Plaintiff]

and the Luzerne County District Attorney's Office."  (Id. at p. 4).  Thus, Plaintiff

does not advance any allegations that Defendant Salavantis had any personal

involvement in the purported violation of Plaintiff's due process rights.  See

generally (Doc. 1).  In essence, Plaintiff is attempting to assert respondent superior

liability which seeks to hold Defendant Salavantis liable for her supervisory role

as District Attorney for Luzerne County.  "This ground of constitutional liability

has been squarely rejected by the courts."  Enright v. United States, 2015 U.S.

Dist. LEXIS 114326, at *11 (M.D. Pa. Aug. 28, 2015) (Conner, J.) (citing Rode,

845 F.2d at 1207).  Further, as Defendant Salavantis notes in her brief, Plaintiff

also fails to explicitly allege the details of the plea agreement at issue.  See (Doc.

1); (Doc. 26, p. 3).  Accordingly, Plaintiff's claim against Defendant Salavantis

will be dismissed.[8]

## C.    Defendant PSP

Defendant Pennsylvania State Police argues that its motion to dismiss

should be granted because Plaintiff's section 1983 claims against it are barred by

the Eleventh Amendment to the United States Constitution.  (Doc. 25, pp. 2-4).

---

[8]  To the extent that Plaintiff is asserting a claim against the Luzerne County
District Attorney's Office, his claim will also be dismissed.  A entity such as the
District Attorney's Office may be liable under section 1983 only when the action
that is alleged to be unconstitutional represents "execution of a government's
policy or custom, whether made by its lawmakers or by those whose edicts or acts
may fairly be said to represent official policy."  See Monell, 436 U.S. 658, 694
(1978).  Here, Plaintiff does not identify a custom or policy that caused a violation
of his rights.  See McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009) (to
satisfy pleading standard plaintiff "must identify a custom or policy, and specify
what exactly that custom or policy was.") (citing Phillips, 515 F.3d at 232); see
generally (Doc. 1).

Defendant PSP also argues that Plaintiff "may not maintain this action against PSP for the additional reason that PSP is not a 'person' for purposes of § 1983 claims." (Doc. 25, p. 4). Defendant PSP continues by arguing that "[f]inally, to the extent the complaint can be read to assert state law tort claims against PSP (e.g., invasion of privacy), such claims also fail." (Id. at p. 5). Defendant PSP claims that "[i]t is well established that the Commonwealth and its employees and officials enjoy immunity from most state law claims." (Id.). Defendant PSP argues that the "General Assembly has provided only nine specific exceptions to this general grant of immunity, none of which are applicable in this case." (Id.) (citing 42 Pa.C.S. § 8522(b)). "Importantly," Defendant PSP states, "Plaintiff has not named any employees or officials of PSP as individual defendants, merely the agency itself." (Id.).[9]

"Section 1983 creates a cause of action against every 'person' who under color of state law deprives an individual of a right secured by the Constitution or

---

[9] Plaintiff's brief in opposition does not specifically address the arguments presented by Defendant PSP in its motion to dismiss. See (Doc. 45) (the filing is entitled "Plaintiff Hernandez's Objection Brief in Opposition of Luzerne County Defendants Motion to Dismiss."). Rather, Plaintiff merely states that on "March 23, 2015, [he] filed motion for leave to amend complaint to add Defendants to reflect the action of Defendant PSP." (Id. at p. 1). Plaintiff's motion to amend his complaint is an apparent attempt to cure the complaint's deficiencies regarding Defendant PSP. See (Doc. 39).

federal statute." <u>Beattie v. Dep't of Corr. SCI-Mahanoy</u>, 2009 U.S. Dist. LEXIS 16715, at *18 (M.D. Pa. 2009) (Rambo, J.) (citing 42 U.S.C. § 1983). However, "[i]t is well-settled that neither a state nor its agencies is a 'person' as that term is used in Section 1983 and, thus, is not subject to suit." <u>Iverson v. Flowers</u>, 2014 U.S. Dist. LEXIS 140027, at *8 (M.D. Pa. 2014) (Nealon, J.) (citing <u>Hafer v. Melo</u>, 502 U.S. 21, 25-27 (1991); (<u>Adams v. Hunsberger</u>, 262 F. App'x 478, 481 (3d Cir. 2008)). "[T]he Pennsylvania State Police [is a] state agenc[y], not [a] person[]." <u>Beattie</u>, 2009 U.S. Dist. LEXIS 16715, at *18. Consequently, Plaintiff's claims against Defendant PSP will be dismissed.

### D.   <u>Defendants LCC and Tim McGinley</u>

Defendants LCC and McGinley assert that their motion is "based upon the absence of any factual predicate to justify the involvement of either McGinley in particular or the County Council generally." (Doc. 28, p. 3). "The only reference to McGinley and the County Council is found in paragraph 3 of the Complaint." (<u>Id.</u>). That paragraph states:

> County Council for Luzerne County and Members for the County of Luzerne County are responsible for the conduct of the District Attorney's Office and oversee all municipalities of Luzerne County, PA.

(<u>Id.</u>).

According to Defendants LCC and McGinley, this "allegation fails to state a claim against these entities." (Doc. 28, p. 3). Specifically, these Defendants contend that Plaintiff "has failed to provide a single salient allegation that would warrant this case going forward against McGinley and the County Council." (Id. at p. 7). Defendants LCC and McGinley state that:

> [t]his is so because other than alleging that the Council and McGinley are responsible for supervision and oversight of the District Attorney and all municipalities of Luzerne County, these entities are not alleged to have any involvement whatsoever in the registration of [Plaintiff] as a sex offender.

(Id.). These Defendants argue that the complaint "bases liability on their supervisory status without any further, specific well-pleaded facts describing their involvement in this matter." (Id. at p. 9). According to Defendants LCC and McGinley, "[t]his cursory style of pleading is plainly inadequate to state a claim against agency supervisors and compels dismissal of these defendants." (Id.) (citing Hudson v. City of McKeesport, 244 F. App'x 519 (3d Cir. 2007)).

Plaintiff states in his brief in opposition that he "does not contend Defendant McGinley's motion to dismiss, due to lack of supporting evidence." (Doc. 45, p. 3).

As Plaintiff has conceded to Defendants LCC and McGinley's motion to dismiss, it will be granted. All claims against Defendants LCC and McGinley will

be dismissed.

## IV.  LEAVE TO AMEND

"When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile."  Grayson, 293 F.3d at 108 (citing Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000); Dist. Council 47 v. Bradley, 795 F.2d 310, 316 (3d Cir. 1986); Darr v. Wolfe, 767 F.2d 79, 81 (3d Cir. 1985); Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (3d Cir. 1976)); Simpson v. Luzerne Cnty. Corr. Facility, 2015 U.S. Dist. LEXIS 92861, at *4-5 (M.D. Pa. July 17, 2015) (Munley, J.) (leave to amend should be granted by a court "unless it finds bad faith, undue delay, prejudice or futility.") (citations omitted).  "Rather, a district court 'should freely give leave [to amend] when justice so requires.'"  Simpson, 2015 U.S. Dist. LEXIS 92861, at *5 (quoting FED. R. CIV. P. 15(a)(2)).  "A district court may dismiss the action if the plaintiff does not submit an amended pleading within that time, or if the plaintiff files notice with the district court of his intent to stand on the complaint."  Phillips, 515 F.3d at 245-46 (citing Shane, 213 F.3d at 116).

Subsequent to the filing of Defendants' motions to dismiss, Plaintiff filed a cross motion for summary judgment, an affidavit in support, brief in support, and a

motion to amend his complaint, in which he attempts to name new individual defendants,[10] supplement his allegations, and cure the deficiencies in his complaint. <u>See</u> (Docs. 29-31, 39). Based on the allegations in his complaint and these subsequent filings, it is conceivable that Plaintiff can cure the deficiencies of his claim. Therefore, out of an abundance of caution, Plaintiff will be afforded the opportunity to amend his complaint. Consequently, Plaintiff's motion to amend his complaint, (Doc. 39), will be dismissed as moot.

## V.    <u>CONCLUSION</u>

Based upon the foregoing, Plaintiff's complaint will be dismissed without prejudice. Plaintiff will be given leave to amend his complaint, and his motion to amend his complaint will be dismissed as moot.

A separate Order will be issued.


Date: September 30, 2015                                    /s/ William J. Nealon
                                                           **United States District Judge**

---

[10] Plaintiff's motion to amend his complaint seeks to add the following Defendants: (1) "current Commissioner of Pennsylvania State Police;" (2) "Supervisor of Megan's Law Unit, Pennsylvania State Police, who is a John Doe;" (3) "Jane Doe of Pennsylvania State Police, Megan's Law Unit, who spoke with Towanda Stallings on or about September 8, 2014, who entered or counsel to enter Plaintiff on PSP-Megan's Law website." (Doc. 39, pp. 1-2).