## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DERIEL HERNANDEZ,                  :
      Plaintiff            :     CIVIL ACTION NO. 3:14-CV-2317
                        :     (Judge Nealon)
      v.                   :
                        :
MARK KIAK,[1] ET AL.,              :
      Defendants           :

## MEMORANDUM

## I. Background

On December 5, 2014, Plaintiff, Deriel Hernandez, an inmate currently confined at

the State Correctional Institution, Waymart, Pennsylvania ("SCI-Waymart"), instituted the

above-captioned action by filing a pro se complaint pursuant to 42 U.S.C. § 1983.  See

(Doc. 1).  He names the following as Defendants: Mark Kijek; Samual Granteed; Michael

Vecchio; Luzerne County Adult Probation and Parole (collectively "Probation

Defendants"); Luzerne County District Attorney Stephanie Salavantis; Pennsylvania State

Police ("PSP"); Luzerne County Council ("LCC"); and Tim McGinley.  (Id.).

On February 10, 2015, Defendants filed separate motions to dismiss the complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Docs. 21-24).  On February 24,

2015, Defendants filed separate briefs in support of their motions.  (Docs. 25-28).  On April

---

[1] "Defendant Mark Kijek was incorrectly spelled as 'Kiak' in Plaintiff's Complaint."  (Doc. 27, p. 1 n.1).  By separate Order, dated September 30, 2015, the Court directed the Clerk of Court to amend the docket sheet to accurately reflect the correct spelling of this party's name.  (See Doc. 50).

17, 2015, Plaintiff filed his brief in opposition.  (Doc. 45).

By Memorandum and Order dated September 30, 2015, Defendants' motions to dismiss were granted and Plaintiff was given an opportunity to file an amended complaint. (Docs. 49, 50).

On October 16, 2015, Plaintiff filed an amended complaint, in which he names the following Defendants: Mark Kijek; Samual Granteed; Michael Vecchio; Luzerne County Adult Probation and Parole (collectively "Probation Defendants"); Current Commissioner of Pennsylvania State Police; Supervisor of Pennsylvania State Police Megan's Law Unit; "Jane Doe of Pennsylvania State Police Megan's Law Unit, who on or about 8, September, 2014, spoke with Towanda Stalling of SCI-Camp Hill and entered or caused to enter Plaintiff information on to the PSP-Megan's Law Website"; (collectively "PSP Defendants").  (Doc. 53, Amended Complaint).

Presently before the Court are Defendants' motions to dismiss Plaintiff's Amended Complaint.  (Docs. 56, 57).  The motions have been fully briefed, and are ripe for disposition. For the reasons set forth below, the Court will grant Defendants' motions to dismiss.

## II.   <u>Motion to Dismiss</u>

"The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion." <u>Kapish v. Advanced Code Group</u>, 2015 U.S. Dist. LEXIS 115940,

at *5-6 (M.D. Pa. Sept. 1, 2015) (Munley, J.).  "In considering a motion to dismiss pursuant to Rule 12(b)(6), courts 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  Roth v. Cabot Oil & Gas Corp., 919 F. Supp. 2d 476, 481 (M.D. Pa. 2013) (Jones, J.) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).  However, "the tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted).  "In ruling on such a motion, the Court primarily considers the allegations of the pleading, but not required to consider legal conclusions alleged in the complaint."  Bryan v. Kings Express, Inc., 2015 U.S. Dist. LEXIS 97179, at *2-3 (M.D. Pa. July 27, 2015) (Brann, J.) (citing Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.  "At the motion to dismiss stage, the Court considers whether Plaintiff is entitled to offer evidence to support the allegations in the complaint."  Bryan, 2015 U.S. Dist. LEXIS 97179, at *3 (citing Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000)).

"In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading."  Hellman

3

v. Kercher, 2008 U.S. Dist. LEXIS 54882, at *4 (W.D. Pa. 2008).  Rule 8(a)(2) "'requires

only a short and plain statement of the claim showing that the pleader is entitled to relief,'

in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which

it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v.

Gibson, 355 U.S. 41, 47 (1957)).  "However, even under this lower notice pleading

standard, a plaintiff must do more than recite the elements of a cause of action, and then

make a blanket assertion of an entitlement to relief under it."  Bryan, 2015 U.S. Dist.

LEXIS 97179, at *4 (citing Hellman, 2008 U.S. Dist. LEXIS 54882).  "Instead, a plaintiff

must make a factual showing of his entitlement to relief by alleging sufficient facts that,

when taken as true, suggest the required elements of a particular legal theory."  Id. (citing

Twombly, 550 U.S. at 556).

Generally, in resolving a Rule 12(b)(6) motion to dismiss, a court should consider

only the allegations in the complaint, as well as "documents that are attached or submitted

with the complaint, . . . and any matters incorporated by reference or integral to the claim,

items subject to judicial notice, matters of public record, orders, [and] items appearing in

the record of the case."  Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir.

2006).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged–but it has not 'shown'–'that the

pleader is entitled to relief.'"  Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

4

"The failure-to-state-a-claim standard of Rule 12(b)(6) 'streamlines litigation by dispensing with needless discovery and factfinding.'" Bryan, 2015 U.S. Dist. LEXIS 97179, at *4 (quoting Neitzke v. Williams, 490 U.S. 319, 326-27 (1989)). "If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed 'without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.'" Id.

## III.   <u>STATEMENT OF FACTS</u>

Plaintiff was charged with indecent assault-without consent of other pursuant to 18 Pa.C.S. § 3126(a)(1), indecent assault-person unconscious pursuant to 18 Pa.C.S. § 3126(a)(4), and corruption of minors pursuant to 18 Pa.C.S. § 6301(a)(1). <u>Commonwealth v. Hernandez</u>, CP-40-CR-169-2006 (Luzerne Cnty. Mar. 3, 2006).[2]  While Plaintiff's indecent assault charge filed under 18 Pa.C.S. § 3126(a)(4) was eventually dismissed, the remaining charges were held over for court.  Id.  On June 13, 2006, Plaintiff entered into a plea agreement in which he pled guilty to those remaining charges.  Id.

On March 1, 2010, Plaintiff was sentenced to twelve (12) months to two (2) years on the charge of indecent assault,  which in Pennsylvania is classified as an M2 offense, and

---

[2] A court may take judicial notice of the contents of another court's docket. See <u>Orabi v. Att'y Gen. of the United States</u>, 738 F.3d 535, 537 n.1 (3d Cir. 2014) (citing <u>Mar. Elec. Co. v. United Jersey Bank</u>, 959 F.2d 1194, 1200 n.3 (3d Cir. 1991); <u>Porter v. Ollison</u>, 620 F.3d 952, 954-55 (9th Cir. 2010); <u>Singh v. U.S. Dep't of Homeland Sec.</u>, 526 F.3d 72, 80 n.9 (2d Cir. 2008)).

four (4) to eight (8) months on the charge of corruption of minors,  which in Pennsylvania is classified as an M1 offense.  Id.

The Commonwealth of Pennsylvania, Department of Probation and Parole in conjunction with the Pennsylvania State Police issued to all county probation departments a chart classifying various sexual offenses for purposes of determining the registration requirements under the Adam Walsh Act (Section 9799.33 of Title 42, Registration of Sexual Offenders (commonly known as "Megan's Law" as amended Act 111 of 2011 and Act 75 of 2012)(now known as the Adam Walsh Act)).[3]  The Adam Walsh Quick Reference Guide classifies Hernandez's guilty plea on the charge of indecent assault without the victim's consent as a Tier 1 offense and Hernandez's guilty plea to the charge of corruption of minors as a Tier I offense. (See Doc. 58-1 at 15, Adam Walsh Crimes Quick Reference

---

[3]It is well-settled in this Circuit that matters of public record may be considered without converting a motion to dismiss into one for summary judgment. Schmidt v. Skolas, 770 F.3d 241 (3d Cir. 2014).  Official court dockets and information contained in court files are matters of public record of which the court can take judicial notice.  See City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998).  The Adult Probation Defendants have also incorporated into this brief the position paper of the Pennsylvania Board of Probation and Parole governing registration of sexual offenders pursuant to the provision of the Pennsylvania laws commonly know as the Megan's Law and the Adam Walsh Act. As such, it is permissible for this Court to consider the PA Board of Probation and Parole's directive to County Probation Officers relative to registration of sexual offenders.  See Pension Benefit Guaranty Corp., 998 F.2d 1192, 1197 (3d Cir. 1993) (explaining that "public record [s]" in this context are materials like decision letters of government agencies and published reports of administrative bodies).

Guide).

On November 16, 2012, Pennsylvania Board of Probation and Parole issued its decision letter and directive in which it explained that registration of a sexual offender for Tier 1 offenses such as Hernandez was for a period of 15 years.  (Doc. 58-1 at 18, position paper and accompanying documents issued by the Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole explaining the registration requirements for the Adam Walsh Act).  The documents of record and those documents of which the Court is permitted to take judicial notice establish that by virtue of his guilty pleas entered on June 13, 2006, Hernandez was subject to the registration requirements of the Adam Walsh Act. Plaintiff's criminal docket establishes that he was under the supervision of the Luzerne County Adult Probation Office at the time of the issuance of the Commonwealth of Pennsylvania's directive relative to sexual offender registration.  The Pennsylvania Board of Probation and Parole directive to county probation officers required Luzerne County to take the steps alleged by Plaintiff in his Amended Complaint. Specifically that:

> If an offender convicted of one of the listed crimes that did not previously require registration is currently under county or state probation or parole supervision on December 20, 2012, the supervising probation or parole office is required to collect registration information required under §9799.16(b) and (c) from the offender and enter the registration information on the offender on the Pennsylvania State Police's SORT application within 48 hours.  If the offender refuses to comply the supervising probation or parole office shall notify the Pennsylvania State Police. 42 Pa.C.S. §9799.19(e.2). This same procedure and time period applies to offenders being supervised in Pennsylvania by a county or state probation or parole office under the

Interstate Compact for Adult Offender Supervision, 42 Pa.C.S. §9799.19(f)(2).

(See Doc. 58-1 at 19).

On October 16, 2015, Plaintiff filed his Amended Complaint in which he alleges that he does not meet the registration requirements pursuant to the Sexual Offender Registration and Notification Act ("SORNA"), which was enacted on December 20, 2011, and went into effect on December 20, 2012.  (Doc. 53, Amended Complaint).

Specifically, he claims that Defendants Kijek, Vecchio and Luzerne County Adult Probation "erred when registering Plaintiff on Megan's Law".  Id.  Plaintiff further contends that Defendant Kijek "entered or caused to enter Plaintiff's photo and private information on the PSP -Megan's Law Website on January 24, 2013".  Id.  Plaintiff alleges that Defendant Vecchio, as Chief Probation Officer, gave the directive to "register Plaintiff as a violant [sic] sex officer".  Id.  He further contends that the LCAPP was "negligent in the training of their officers and failed to create and enforce standards that would protect probationers from violations.  Id.  He believes that he "has been erroneously labeled and published as a violent sex offender ... as a result of this negligence".  Id.

Plaintiff alleges that the Luzerne County Adult Probation Defendants "erred when they prosecuted Plaintiff for violations of probation" and that this act was a violation of contractual law and his civil rights.  Id.  He claims that he was charged with "failure to update address and failure to make payment of restitution", and further alleges that the

Luzerne County Adult Probation Defendants "conspired to misuse court proceedings in order to maintain jurisdiction and supervision of Plaintiff while Plaintiff was under investigation for an alleged complaint discovered in a PFA suit.  Id.

Plaintiff alleges that Defendant Granteed pleaded to the Court that the Plaintiff "being a registered sex offender and should be confined as a result of not updating his address".  Id.  Plaintiff contends that he was "erroneously registered on the PSP - Megan's Website earlier in the year by Defendants Kijek, Vecchio and LCAPP".  Id.

Plaintiff contends that these actions "ultimately voided plaintiff's original plea agreement ... and resulted in the resentencing and order to register as a sex offender by the court".  Id.  Plaintiff alleges that Defendant Vecchio had "direct involvement in these proceedings ... as he was the authorized party of the filing of said probation violation".  Id.

Finally, he claims that the plea agreement which he entered into in 2006 is "to be construed under contractual law", and that the Probation Defendants breached this agreement on January 24, 2013.  Id.

With respect to the PSP Defendants, Plaintiff alleges that on September 8, 2014, PSP's Supervisor in charge of the Megan's Law Unit was informed that Plaintiff was not required to register pursuant to SORNA.  Id.  The PSP Supervisor was allegedly contacted by a Ms. Towanda Stallings, an employee of the Department of Corrections.  Id. Plaintiff also claims that his spouse mailed a copy of an August 7, 2014 court order of Judge

Barrasse of the Lackawanna County Court of Common Pleas, but does not specify who this court order was mailed to or where it was sent.  Id. Hernandez further alleges that the PSP Commissioner was negligent in the training of officers, and that "Defendants" have failed to comply with standing policy. Id.

As such, Plaintiff purportedly asserts the following claims against the PSP Defendants: violation of privacy pursuant to the First Amendment; violation of privacy pursuant to Article I, Section 17 of the Pennsylvania Constitution; cruel and unusual punishment pursuant to the Eighth Amendment; cruel and unusual punishment pursuant to Article I, Section 13 of the Pennsylvania Constitution; and state law tort claims of libel, defamation and negligence.  Id.

## III.   DISCUSSION

### A.   Probation Defendants

The Probation Defendants assert that:

> [t]he only actual fact in the Complaint to which [Plaintiff] has pointed in alleging liability against the Probation Defendants is his claim that Defendant Kijek registered [Plaintiff] as a sex offender which led to the publication of his photograph on a State Police Website.

(Doc. 58, at 18).  According to the Probation Defendants, "[t]he registration about which [Plaintiff] complains is mandated by Pennsylvania law."  Id.  Further, the Probation

10

Defendants argue that compared to the circumstances in <u>Giove v. Holden</u>,[4] "[t]he instant case represents an even more favorable factual predicate to defendants as [Plaintiff] has failed to allege any error on defendants' part." <u>Id</u>.  The Court agrees.

Section 9799.39 of the Adam Walsh Act, 42 Pa. C.S.§9799.33 governs registration particulars and provides:

§9799.39 Photographs and fingerprinting

An individual subject to registration shall submit to fingerprinting and photographing as required by this subchapter. Fingerprinting as required by this subchapter shall, at a minimum, require submission of a full set of fingerprints and palm prints. Photographing as required by this subchapter shall, at a minimum, require submission to photographs of the face and any scars, marks, tattoos or other unique features of the individual. Fingerprints and photographs obtained under this subchapter may be maintained for use under this subchapter and for general law enforcement purposes.

Moreover, the Court finds the facts of the instant case nearly identical to the facts in the case of <u>Giove</u>.  In <u>Giove</u>, the plaintiff contended that his identify and photograph were erroneously displayed on a local law enforcement registry accessible to the public.  The <u>Giove</u> Court undertook an analysis of both the constitutional claim asserted by the plaintiff as well as plaintiff's state law defamation claim and held that dismissal of the complaint was appropriate.

As stated by the <u>Giove</u> Court:

---

[4]   2014 U.S. Dist. LEXIS 30269 (D. Del. 2014) (Fallon, M.J.).

It is well established in this court that a cause of action brought under 42
U.S.C. §1983 requires a plaintiff to plead that each government official,
through the official's own individual actions, has violated the Constitution.
Rahim v. Holden, 831 F.Supp.2d 845, 848-49 (D. Del. 2011).

* * * *

The second amended complaint sets forth plaintiff's due process and privacy
claims in the context of the SOR Law. (D.I. 28 at ¶¶ 28-32) However, §1983
only supports causes of action based on a violation of federal statutory law or
constitutional rights, not violations of state statutes.  Benn v. Universal Health
Sys., Inc., 371 F.3d 165, 174 (3d Cir. 2004) ("Section 1983 does not provide a
cause of action for violations of state statutes."); see also Paul v. Davis, 424
U.S. 693, 711-12 (1976) (holding that an interest in reputation covered by state
tort law was neither "liberty" nor "property" under due process inquiry,
even when alleged injury was inflicted by a state officer). Because the crux of the
due process claims in the second amended complaint is the allegedly erroneous
publication of plaintiff's conviction in violation of the SOR Law, plaintiff's
constitutional due process and privacy claims fail.

Giove, supra (slip op. at p. 6).

Thus, Plaintiff has failed to state a plausible due process or right to privacy[5] claim in

his amended complaint. This Court need not give him yet another opportunity to amend his

Complaint to state such claims.

Likewise, Plaintiff's new constitutional claims raised in his Amended Complaint, are

also without merit.

_____

[5]The United States Court of Appeals for the Third Circuit has ruled
categorically that sexual offender registration requirements do not violate the
offender's privacy rights under the First Amendment.  See, e.g., Paul P. v. Farmer,
227 F.3d 98 (3d cir. 2000).

Hernandez argues a violation of Article I, Section 10, Clause 1 of the U.S. Constitution, the constitutional provision which was enacted to prohibit the individual states from entering treaties with foreign governmental and establishing their own currency. The provision provides as follows:

> Section 10. No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility.

Clearly, this provision has no application to Hernandez's circumstances.

With respect to Plaintiff's right to property claim under the Fifth Amendment, Plaintiff fails to establish a double jeopardy, self incrimination, or takings claim, which are the components of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment. The Due Process clause of the Fifth Amendment does not directly apply to actions of state officials. Knoetze v. U.S., 634 F. 2d 207, 211 (5 Cir.), cert. denied, 454 U.S. 823 (1981); Huffaker v. Bucks County Dist. Attorney's Office, 758 F. Supp. 287, 290 (E.D. Pa. 1991); Popow v. City of Margate, 476 F. Supp. 1237 (D.N.J. 1979). Thus, Hernandez's Fifth Amendment claims against the Probation Defendants is to be dismissed.

As for the Fifth Amendment claims against the Luzerne County Probation Defendants, Hernandez does not meet the heightened specificity requirements necessary to sufficient plead a civil rights violation. He does specifically claim that the Defendants

destroyed his reputation and sense of security by registering him as a sex offender.

However, the Supreme Court and numerous decisions from our Court of Appeals, have held

that there is no cognizable §1983 action for injuries to reputation caused by public

knowledge of a criminal investigation or prosecution.  Paul v. Davis, 424 U.S. 693, 701-712

(1976) (holding reputation not protected by the Due Process Clause of the Fifth

Amendment, and therefore, only actionable under §1983 if accompanied by the loss of a

guaranteed federal or state right).  See, e.g., Clark v. Township of Falls, 890 F.2d 611,

619-620 (3dCir. 1987) (applying principle that harm to reputation does not constitute a loss

of guaranteed federal or state right); Sturm v. Clark, 835 F.2d 1009 (3d Cir. 1987) (holding

loss of future employment is not actionable under §1983, because not federally guaranteed

right); Lahanza v. Azeff, 790 F. Supp. 88, 93 (E.D. Pa. 1992) (holding damage to reputation

from criminal prosecution not actionable under §1983).  Consequently, Hernandez fails to

raise a valid Fifth Amendment property rights claim, and the Probation Defendants are

entitled to dismissal.

Finally, with respect to Plaintiff's claim under Article I, Section 13 of the

Pennsylvania Constitution, it is well-settled that there is no private right of action for

monetary damages under the Pennsylvania Constitution.  Jones v. City of Philadelphia, 890

A.2d 1188 (Pa. Cmwlth. Ct. 2006), appeal den'd, 589 Pa. 741 (2006).  Accordingly, the

Probation Defendants motion to dismiss will be granted.

14

**B.**   **Defendant PSP**

The PSP Defendants argue that their motion to dismiss should be granted because

Plaintiff's section 1983 claims are barred by the Eleventh Amendment to the United States

Constitution.  Specifically, in his Amended Complaint, Plaintiff specifies that "[a]ll

defendants are sued individually and in their official capacity." (Doc. 53 at 1).  Plaintiff's

§1983 claims against the PSP Defendants in their official capacity are barred by the

Eleventh Amendment to the United States Constitution. That amendment provides:

> The Judicial power of the United States shall not be construed to extend to any
> suit in law or equity, commenced or prosecuted against one of the United
> States by Citizens of another State, or by Citizens or Subjects of any Foreign
> State.

U.S. Const. Amend. XI.

The Eleventh Amendment has been interpreted "to stand not so much for what it

says, but for the presupposition . . . which it confirms." Seminole Tribe of Fla. v. Florida,

517 U.S. 44, 54 (1996) (quoting Blatchford v. Native Village of Noatak, 501 U.S. 775, 779

(1991)).  That presupposition is that each state is a sovereign entity in our federal system

and that it is inherent in the nature of sovereignty that a sovereign is not amenable to suit

unless it consents.  Id.  Thus, "the Constitution does not provide for federal jurisdiction over

suits against nonconsenting States."  Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73

(2000).

Accordingly, absent express consent by the state in question or a clear and

unequivocal waiver by Congress, states are immune from suit in federal court.  See

Seminole Tribe, 517 U.S. at 54.  Moreover, "[t]he eleventh amendment's bar extends to

suits against departments or agencies of the state having no existence apart from the state."

Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir.1981) (citing Mt. Healthy City Bd. of

Educ. v. Doyle, 429 U.S. 274, 280 (1977)).  See also Capogrosso v. Supreme Court of N.J.,

588 F.3d 180, 185 (3d Cir. 2009).

 Insofar as a plaintiff seeks monetary damages, it is clear that he can only pursue such

damages against state officials in their individual or personal capacity.  Brown v. Culp,

2011 WL 6003900, *5 (M.D. Pa. Oct. 27, 2011) (citing Will v. Michigan Dep't of State

Police, 491 U.S. 58, 71 (1989); Mitchell v. Luckenbill, 680 F. Supp. 2d 672, 681 (M.D. Pa.

2010)).  Accordingly, Plaintiff's claims for compensatory and punitive damages against the

PSP Defendants in their official capacity will be dismissed.

 To state a viable § 1983 claim, a plaintiff must plead two essential elements: (1) the

conduct complained of was committed by a person acting under color of state law; and (2)

the conduct deprived the plaintiff of a right, privilege, or immunity secured by the

Constitution or laws of the United States."  Natale v. Camden Cnty. Corr. Facility, 318 F.3d

575, 580-81 (3d Cir. 2003)).  "Personal involvement in the alleged wrongdoing is necessary

for the imposition of liability in a civil rights action."  Evancho v. Fisher, 423 F.3d 347, 353

(3d Cir. 2005); Sutton v. Rasheed, 323 F.3d 236, 249-50 (3d Cir. 2003).

16

In addition, personal involvement cannot be imposed upon a state official based solely on a theory of respondeat superior.  See Rizzo v. Goode, 423 U.S. 362 (1976); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Initially, the Court notes that Plaintiff's  amended complaint fails to allege any specific actions taken by the PSP Supervisor in charge of the Megan's Law Unit that would form the basis of a § 1983 claim.  The amended complaint merely alleges that the PSP Supervisor was made aware that Plaintiff was not required to register under SORNA.  (Doc. 53 at 4).  However, the amended complaint fails to allege any additional facts explaining how this Defendant violated Plaintiff's rights.  These general and conclusory allegations, with no factual support or factual development, are not enough to make out a constitutional violation.  See Iqbal, 556 U.S. at 678 ("[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'") (quoting Twombly, 550 U.S. at 555).  This lack of factual support is fatal to Plaintiff's § 1983 claim as allegations of personal involvement must be made with particularity.  See Evancho, 423 F.3d at 353; Rode, 845 F.2d at 1207.

Additionally, it appears that Plaintiff has premised his claims against the PSP Commissioner solely upon a theory of respondeat superior.  There are no personal allegations against the current Commissioner, nor are there any allegations that he knew of

or acquiesced in the allegedly improper conduct.[6]  Because the PSP Commissioner was not

personally involved in and did not acquiesce in the alleged unconstitutional conduct, all

claims against him must fail.

In addressing Plaintiff's Constitutional claims, Defendants correctly argue that

Plaintiff's First Amendment violation of Privacy Claim fails as a matter of law.

The Third Circuit has held that there is some nontrivial interest in one's personal

information, including home addresses, by persons who do not wish such information to be

disclosed.  Paul P. v. Farmer, supra.  However, the Third Circuit has also "made it clear that

that interest must give way to the state's compelling interest in notifying the public where

prior sex offenders live so that susceptible individuals can be appropriately cautioned."  Id.

The fundamental purpose of sex offender registration laws such as SORNA is public

disclosure.  As such, the Third Circuit has held that sex offender registration requirements

do not violate an offender's privacy rights under the First Amendment.  Id.

Pennsylvania courts have also found that the various iterations of the

Commonwealth's sex offender registration laws did not violate an offender's privacy rights.

--------

[6]To the extent that Plaintiff makes the conclusory statement in his amended complaint that the PSP Commissioner "was negligent in the training of officers and failed to create and or enforce standards that would have protected the rights of plaintiff," (see Doc. 53 at 4), this general, conclusory statement with absolutely no factual support or development is not enough to state a claim for failure to train or supervise.  See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570; Evancho, 423 F.3d at 351.

See Commonwealth v. Williams, 832 A.2d 962 (Pa. 2003); Commonwealth v. Howe, 842 A.2d 436, 446 (Pa. Super. 2004) (denying argument that offender's privacy rights were violated through Megan's Law II registration and notification requirements); Commonwealth v. Kopicz, 840 A.2d 342 (Pa. Super. 2003) (regarding Megan's Law II); Commonwealth v. Mountain, 711 A.2d 473 (Pa. Super. 1998) (holding offender's interest in avoiding Megan's Law disclosures outweighed by Commonwealth's interest in protecting the public).

Given the above case law, it is clear that any privacy interest Plaintiff may have in his address, photograph and personal information is outweighed by the Commonwealth's interest in protecting the public from sexual offenders. Indeed, the very purpose of SORNA's registration and notification requirements is public disclosure. Consequently, Plaintiff's First Amendment claim for violation of privacy fails as a matter of law.

To the extent that Plaintiff asserts that the PSP Defendants failed to comply with their own "standing policy" (Doc. 53 at 4), violation of agency policy does not, in and of itself, amount to a constitutional violation. See Ickes v. Borough of Bedford, 807 F. Supp. 2d 306, 327 (W.D. Pa. 2011) (citing Virginia v. Moore, 533 U.S. 164, 168-78 (2008) ("a violation of Bedford's taser policy does not necessarily constitute a violation of the Fourth Amendment")); Davis v. Wigen, 1995 WL 422790, *2 (E.D. Pa. July 13, 1995) (citing James v. Quinlan, 866 F.2d 627, 631 (3d Cir. 1989) ("plaintiff cannot rely on an internal

Bureau of Prisons procedure to establish a constitutional violation")).  Without more,

Plaintiff's constitutional claim fails.

Although not clearly defined, Plaintiff claims that his continued registration and

dissemination of his personal information under SORNA constitutes cruel and unusual

punishment in violation of both the Pennsylvania Constitution and the Eighth Amendment.

To the extent that Plaintiff  might be alleging that SORNA's registration and notification

requirements are punitive in nature, both the Commonwealth Court and the Superior Court

have held that SORNA's registration requirements are non-punitive in nature and, therefore,

retroactive application of SORNA is constitutional under both the federal and state ex post

facto clauses.  See Coppolino v. Noonan, 102 A.3d 1254 (Pa. Cmwlth. 2014);

Commonwealth v. Perez, 97 A.3d 747, 760 (Pa. Super. 2014) ("we conclude that the new

registration regime pursuant to SORNA is constitutional under the Federal and State Ex

Post Facto Clauses").  See also Dunyan v. Pennsylvania State Police, No. 75 M.D. 2014,

2014 WL 10298850, at *4 (Pa. Cmwlth. Dec. 17, 2014).  Moreover, prior versions of

SORNA, namely Megan's Law I and II, have been determined to be non-punitive by the

Pennsylvania Supreme Court.  See Commonwealth v. Williams, 832 A.2d 962, 986 (Pa.

2003); Commonwealth v. Gaffney, 733 A.2d 616 (Pa. 1999).  Based on the forgoing, the

Court finds no merit to Plaintiff's Eighth Amendment claim.

To the extent that Plaintiff  purportedly asserts state law defamation, libel and

negligence claims against the PSP Defendants, (see Doc. 53), these claims are entitled to dismissal as the PSP Defendants are entitled to sovereign immunity.

It is well established that the Commonwealth and its employees and officials enjoy immunity from most state law claims.  See 1 Pa.C.S.A. § 2310; Brautigam v. Fraley, 684 F. Supp. 2d 589, 593 (M.D. Pa. 2010) ("If the Commonwealth is entitled to sovereign immunity . . . then its officials and employees acting within the scope of their duties are likewise immune") (quoting Moore v. Commonwealth, 538 A.2d 111, 115 (Pa. Cmwlth. 1988)); see also Larsen v. State Employees' Retirement System, 553 F. Supp. 2d 403, 420 (M.D. Pa. 2008) (holding "[s]overeign immunity applies to Commonwealth employees in both their official and individual capacities").  The Pennsylvania General Assembly has provided only nine specific exceptions to this general grant of immunity, none of which are applicable in this case.  See 42 Pa.C.S. § 8522(b).[7]  Moreover, this Court has specifically held that Commonwealth agency employees are entitled to sovereign immunity for state law defamation claims.  See Boone v. Pa. Office of Vocational Rehabilitation, 373 F. Supp. 2d 484, 495 (M.D. Pa. 2005) (citing Yakowicz v. McDermott, 548 A.2d 1330 (Pa. Cmwlth. 1988)).  Accordingly, PSP Defendants are entitled to sovereign immunity on Plaintiff's

---

[7]The nine categories of cases for which immunity has been waived are vehicle liability; medical-professional liability; care, custody and control of personal property; Commonwealth real estate, highways and sidewalks; potholes and other dangerous conditions; care, custody and control of animals; liquor store sales; National Guard activities; and toxoids and vaccines. 42 Pa.C.S. § 8522(b).

21

state law claims.[6]

Plaintiff admittedly plead guilty to the charges of Corruption of Minors, 18 Pa.C.S. § 6301(a)(1), and Indecent Assault, 18 Pa.C.S. § 3126(a)(1).  Pursuant to SORNA, this particular charge of Indecent Assault found at subsection (a)(1) is considered a Tier I offense, 42 Pa.C.S. § 9799.14, for which Plaintiff is required to register for a period of fifteen (15) years.  42 Pa.C.S. § 9799.15.  SORNA mandates that PSP create and maintain a statewide registry of sexual offenders, including an electronic database and digitized records.  42 Pa.C.S. § 9799.16(a).  In addition, SORNA states:

> The Pennsylvania State Police **shall** . . . (1) [d]evelop and maintain a system
> for making information about individuals **convicted of a sexually violent**

---

[6]To the extent that Plaintiff argues in his brief in opposition (Doc. 62) that his state law tort claims fall under the personal property exception to sovereign immunity, Plaintiff's claim is without merit. The exception to sovereign immunity dealing with personal property provides:

> (3) Care, custody or control of personal property.--
> The care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency, except that the sovereign immunity of the Commonwealth is retained as a bar to actions on claims arising out of Commonwealth agency activities involving the use of nuclear and other radioactive equipment, devices and materials.

42 Pa.C.S.§8522(b)(3).  Plaintiff's claims surround the publication on PSP's Megan's Law website of his name, photograph and identifying information.  This information, however, does not constitute "personal property" and, therefore, the exception to sovereign immunity does not apply.

**offense**, sexually violent predators and sexually violent delinquent children publicly available by electronic means via an Internet website.

42 Pa.C.S. § 9799.28(a) (emphasis added).  It is not just sexually violent predators whose information is posted on PSP's website, but those convicted of sexually violent offenses as well.  Therefore, Plaintiff's claim that individuals convicted of a sexually violent offense are not required to register under SORNA and are not to be placed on the Megan's Law website is simply incorrect, and Defendants, PSP, are entitled to dismissal.

Moreover, Plaintiff is not listed on PSP's Megan's Law website as a sexually violent predator – he is properly listed as a Tier I offender.  The allegedly "derogatory" or "defamatory" statements on the website that Plaintiff complains of are nothing more than statements that Plaintiff has plead guilty to Indecent Assault, 18 Pa.C.S. § 3126(a)(1), and is currently registered with the PSP, facts which Plaintiff himself acknowledges to be true.[7]

Finally, the particular offense Plaintiff pled guilty to requires him to register for a period of fifteen (15) years as a Tier I offender.  42 Pa.C.S. § 9799.15.  In addition, PSP is mandated to create and maintain a statewide registry of sexual offenders, 42 Pa.C.S. § 9799.16(a), and shall develop and maintain a system for making information about these individuals available to the public through the Internet. 42 Pa.C.S. § 9799.28. PSP has no discretion when it comes to SORNA's registration and notification requirements, and the

---

[7]Plaintiff's information on the Megan's Law website can be found at: http://www.pameganslaw.state.pa.us/OffenderDetail.aspx?Offender=31113.

PSP Defendants cannot exempt an individual Plaintiff or consider cases on an individualized basis.  Registration and notification requirements are based purely upon an individual's conviction for an enumerated offense.  Moreover, Plaintiff's plea agreement specifically states there was "[n]o agreement on sentence" and there is nothing in the agreement indicating the period of time Plaintiff would have to register. (See Doc. 58-1 at 2).  Plaintiff's argument that an individual named Towanda Stalling – allegedly an employee of the Department of Corrections – informed the Defendants that Plaintiff was not required to register is unavailing.  Absent a valid court order, the PSP Supervisor in charge of the Megan's Law Unit and the Commissioner of the PSP have no power to remove or exempt Plaintiff from the registry. Thus, PSP Defendants' motion to dismiss will be granted.

## V.    **CONCLUSION**

For the reasons stated above, Defendants' motions to dismiss Plaintiff's amended complaint will be granted.  Because Plaintiff has already been afforded an opportunity to file an amended complaint, this Court need not give him yet another opportunity to amend his Complaint.  A separate Order will be issued.

Date: September 30, 2016                    /s/ William J. Nealon
                                            **United States District Judge**